Beraho and Sinclair were involved in a motor vehicle accident near the 
intersection of Rosewood Avenue and Assembly Street in 

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Enoch K. Beraho,       
Appellant,
 
 
 

v.

 
 
 
Patricia Sinclair,       
Respondent
 
 
 

Appeal From Richland County
James R. Barber, Circuit Court Judge

Unpublished Opinion No. 2004-UP-655
Submitted December 1, 2004  Filed December 
 22, 2004

AFFIRMED

 
 
 
Bidwell D. Moore, of Columbia, 
 for Appellant.
Robert A. McKenzie and Gary H. 
 Johnson, II, both of Columbia, for Respondent.
 
 
 

PER CURIAM: This case is an appeal from 
 a defense verdict rendered by a jury in a personal injury action arising from 
 a motor vehicle accident.  We affirm the circuit courts denial of the plaintiffs 
 motions for judgment notwithstanding the verdict and a new trial.
FACTS
Enoch Beraho and Patricia Sinclair were involved 
 in a motor vehicle accident near the intersection of Rosewood Avenue and Assembly 
 Street in Columbia.  The basic facts are undisputed: Sinclair was driving west 
 on Rosewood Avenue approaching the intersection at Assembly Street.  At the 
 same time, Beraho was driving north on Assembly Street near the same intersection.  
 Sinclair turned right onto Assembly Street, and, at some point shortly thereafter, 
 her vehicle collided with the rear end of Berahos vehicle.  Beraho subsequently 
 brought the present personal injury action against Sinclair, seeking an award 
 of damages as a result of Sinclairs alleged negligence. 
Sinclair denied she caused the accident.  At trial, 
 she testified the accident occurred immediately after she made a right turn 
 from Rosewood Avenue onto Assembly Street and was the result of Beraho having 
 stopped his vehicle in the street for no apparent reason.  Beraho presented 
 a different account: He testified the accident occurred approximately 150 yards 
 further down Assembly Street from the Rosewood Avenue intersection, and that 
 he did not abruptly stop in the street, but rather he claims he merely slowed 
 down near a railroad crossing.
At the conclusion of the trial, the circuit judge charged 
 the jury on the law of negligence and also the statutory prohibition against 
 stopping a car in a roadway.  The jury returned a special verdict form finding 
 that Beraho was 51 percent at fault and that Sinclair was 49 percent at fault.  
 Beraho made post-trial motions for judgment notwithstanding the verdict (JNOV), 
 new trial, and a new trial as to damages, all of which were denied by the circuit 
 court.  This appeal followed. 
STANDARD OF REVIEW
In ruling on directed verdict or JNOV motions, 
 the trial court is required to view the evidence and the inferences that reasonably 
 can be drawn therefrom in the light most favorable to the party opposing the 
 motions. Sabb v. South Carolina State Univ., 350 S.C. 416, 427, 567 
 S.E.2d 231, 236 (2002). The motions must be denied by the trial court when the 
 evidence yields more than one inference or its inference is in doubt. Steinke 
 v. South Carolina Dept of Labor, Licensing & Regulation, 336 S.C. 373, 
 386, 520 S.E.2d 142, 148 (1999). On appeal from the denial of a motion for a 
 directed verdict or JNOV, this court will reverse the trial court only where 
 there is no evidence to support the ruling below. Id.; Creech v. South 
 Carolina Wildlife & Marine Res. Dept, 328 S.C. 24, 29, 491 S.E.2d 571, 
 573 (1997).
LAW/ANALYSIS
Beraho claims the circuit court erred 
 in denying his motion for JNOV, arguing there is no evidence that supports a 
 finding of any liability on the part of the plaintiff.  We disagree.
As noted above, the circuit judge charged 
 the jury on the prohibition against stopping a vehicle in a roadway which is 
 set out in South Carolina Code section 56-5-2510.  This statute provides that:

No person shall stop, park, or 
 leave standing a vehicle, whether attended or unattended, upon the roadway outside 
 a business or residential district when it is practicable to stop, park, or 
 leave the vehicle off the roadway. An unobstructed width of the highway opposite 
 a standing vehicle must be left for the free passage of other vehicles and a 
 clear view of the stopped vehicle must be available from a distance of two hundred 
 feet in each direction upon the highway.    

S.C. Code Ann. § 56-5-2510(A) 
 (Supp. 2003).  
Beraho never raised 
 any objection to the circuit judge charging the jury on this law.  Therefore, 
 the propriety of this instruction and the ability of the jury to find liability 
 based on a violation of this statute is not before this court.  We are simply 
 left to determine whether there is any evidence to support such a finding of 
 liability. 
Reviewing of the record before 
 us, it is clear there is sufficient evidence for the jury to conclude Beraho 
 stopped his car in the roadway in violation of section 56-5-2510.  Sinclairs 
 testimony that Beraho had completely and abruptly stopped in the middle of the 
 road was unequivocal.  Berahos testimony, on the other hand, was vague and 
 conflicting.  Most notably, during cross-examination of Beraho, defense counsel 
 confronted Beraho with several material inconsistencies in his deposition and 
 trial testimony regarding the location of the accident and his memory of what 
 occurred immediately before and after the accident.  The credibility 
 of the witnesses and the conclusions and inferences that may be drawn from their 
 testimony are matters left to the jurys consideration.  Therefore, we find 
 there is sufficient evidence in the record to sustain the circuit courts denial 
 of Berahos motion for JNOV. 
CONCLUSION
We find there is sufficient 
 evidence to support the jurys verdict in favor of Sinclair and therefore affirm 
 the circuit courts denial of Berahos motion for JNOV.
 AFFIRMED.
HUFF, KITTREDGE, and BEATTY, JJ., concur.